**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROXY D. BURTON,

        Petitioner,               Case Number: 04-CV-74530

v.                                HON. JOHN CORBETT O'MEARA

BARRY DAVIS,

        Respondent.

_____/

**OPINION AND ORDER DENYING
PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Roxy D. Burton has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Newberry Correctional Facility in Newberry, Michigan, challenges his conviction for delivery of less than fifty grams of cocaine. For the reasons set forth below, the Court denies the petition.

**I. Facts**

Petitioner's convictions arise out of events that occurred on January 31, 2001, in the City of Saginaw, Michigan. Police Officer Terry Williams testified that on that evening he was working undercover with Michigan state police trooper John Tralafet. Officer Williams and Trooper Tralafet were parked in an undercover vehicle waiting for pedestrians to walk by. Officer Williams testified that he made eye contact with Petitioner as he was driving by the vehicle. Petitioner stopped his vehicle. Officer

Williams asked Petitioner whether he had a "couple of 20's." Tr., 6/5/2002, p. 36. Officer Williams testified that a 20 is twenty dollars worth of crack cocaine. Petitioner responded that he did not have any on his possession but would return shortly. Approximately ten minutes later, Petitioner returned. He did not have any cocaine with him, but told the men that he was just checking to make sure that they were still there. He left and returned again in approximately five to seven minutes. Petitioner pulled over, got out of the vehicle, and approached Officer Williams. Officer Williams testified that he gave Petitioner $40, in exchange for which Petitioner gave him two $20 rocks of crack cocaine.

Once the transaction had been accomplished, Officer Williams signaled officers to make an arrest. Petitioner tried to flee in his vehicle. He crashed his vehicle into a tree. Petitioner tried to flee on foot. Police Officer David Kendziorski testified that he located Petitioner hiding behind some shrubbery a short distance from where the vehicle crashed and placed Petitioner under arrest.

## II.  Procedural History

Following a jury trial in Saginaw County Circuit Court, Petitioner was convicted of delivery of less than fifty grams of cocaine and third-degree fleeing and eluding. On August 8, 2002, he was sentenced as a fourth habitual offender to ten to thirty years imprisonment for the cocaine conviction and four to ten years imprisonment for the fleeing and eluding conviction.

Petitioner filed an appeal in the Michigan Court of Appeals, presenting the

following claims:

> I.  The trial court committed reversible error by not instructing the jury of the lesser offense of possession of cocaine.
>
> II. Where Mr. Burton did not possess any money from the alleged cocaine transaction, his conviction for delivery of cocaine violates his state and federal constitutional rights to be free from conviction in the absence of proof of his guilt beyond a reasonable doubt.

The Michigan Court of Appeals affirmed his convictions. People v. Burton, No. 243874 (Mich. Ct. App. Feb. 3, 2004).

Petitioner filed an application for leave to appeal to the Michigan Supreme Court, presenting the following claim:

> Where Mr. Burton did not possess any money from the alleged cocaine transaction, his conviction for delivery of cocaine violates his state and federal constitutional rights to be free from conviction in the absence of proof of his guilt beyond a reasonable doubt.

The Michigan Supreme Court denied leave to appeal. People v. Burton, No. 125851 (Mich. Aug. 31, 2004).

Petitioner then filed the pending petition for a writ of habeas corpus raising the sufficiency of the evidence claim raised in state court.

### III. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. Franklin v. Francis, 144 F.3d 429 (6th Cir. 1998). Additionally, this court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1)[1]; *see also* Cremeans v. Chapleau, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

---

[1] 28 U.S.C. § 2254(e)(1) provides, in pertinent part:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." Id. at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

Id. at 410-11.

With this standard in mind, the Court proceeds to the merits of the petition for a writ of habeas corpus.

### IV. Analysis

Petitioner presents a single claim for habeas relief, that the prosecutor presented insufficient evidence to sustain his conviction for delivery of less than fifty grams of cocaine. Petitioner argues that the evidence was insufficient because no money from the alleged drug transaction was found on his person or in his vehicle.

In Jackson v. Virginia, 443 U.S. 307 (1979), the Supreme Court established that

the standard of review for a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original). Pursuant to 28 U.S.C. § 2254(d)(1), this Court must determine whether the state court's application of the Jackson standard was contrary to or an unreasonable application of Supreme Court precedent. In making this determination, this Court must afford the state court's findings of fact a presumption of correctness unless it is established by clear and convincing evidence that the factual determination in the state court was erroneous. 28 U.S.C. § 2254(e)(1); West v. Seabold, 73 F.3d 81, 83 (6th Cir. 1996), *cert. denied*, 116 S. Ct. 2569 (1996).

The last state court to issue a reasoned opinion regarding Petitioner's sufficiency of the evidence claim, the Michigan Court of Appeals, stated, in relevant part:

> "[W]hen determining whether sufficient evidence has been presented to sustain a conviction, a court must view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." People v. Wolfe, 440 Mich. 508, 515; 489 N.W.2d 748 (1992). "The standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." People v. Nowack, 462 Mich. 392, 400; 614 N.W.2d 78 (2000).
>
> The testimony of the police officers showed that they gave defendant $40, and he gave them two rocks of crack cocaine. Viewed in a light most favorable to the prosecution, the officers' testimony established the elements of the crime beyond a reasonable doubt. The prosecution did not have to produce the $40 as evidence to prove that defendant received the money in exchange for the drugs.

Burton, slip op. at 1-2.

The Court finds this resolution of Petitioner's sufficiency of the evidence claim was neither contrary to nor or an unreasonable application of clearly established federal law. The Court of Appeals' decision cited case law which plainly incorporated the Jackson standard and explained and supported its conclusion that a rational trier of fact could have found Petitioner guilty beyond a reasonable doubt. Petitioner has not presented any new evidence to show that the state court's findings of fact were erroneous. The jury reasonably could have found the officers' testimony credible. Petitioner provides no information which would call their credibility into doubt. Further, "the assessment of the credibility of witnesses is generally beyond the scope of review" in a federal habeas corpus proceeding. Schlup v. Delo, 513 U.S. 298, 330 (1995). Therefore, according the state court's factual findings a presumption of correctness, *see* 28 U.S.C. § 2254(e)(1), this Court concludes that the state court of appeals' decision that all of the elements of the crime were satisfied did not "result[] in a decision that . . . involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

## V.  Conclusion

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.


Dated:  November 29, 2005

                                        s/John Corbett O'Meara  
                                        John Corbett O'Meara  
                                        United States District Judge